# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brayam Garcia Guzman, | Case No. 26-cv-921 (DMT/DJF) |
| Petitioner, | |
| v. | |
| Bondi, et al., | |
| Respondents. | |

| | |
|---|---|
| Brayam G., | Case No. 26-cv-1985 (KMM/SGE) |
| Petitioner, | |
| v. | |
| Easterwood, et al., | |
| Respondents. | |

## ORDER REASSIGNING CASE

On April 3, 2026, the Court ordered transfer of the case *Brayam G. v. Easterwood*, No. 26-cv-1985 (KMM/SGE) to the District of North Dakota for reassignment to Judge Daniel M. Traynor. As explained in the Order of Transfer, the Court did so after determining that the matter was closely related to another case, *Garcia Guzman v. Bondi*, No. 26-cv-986 (DMT/DJF), that had been assigned to Judge Traynor under his Minnesota

designation. *Brayam G.*, No. 26-cv-1985 (D. Minn. Apr. 3, 2026) (Order (Dkt. 10)).[1] However, Judge Traynor and Petitioner both agree that Judge Traynor, sitting in the District of North Dakota, lacks jurisdiction because Petitioner is detained in the District of Minnesota. The Court did not intend to handle the matter in a way that deprived Judge Traynor of jurisdiction. Instead, as Judge Traynor suggests, the case, which has since been transferred back to the District of Minnesota, will now be reassigned to Judge Traynor under his designation as a judge serving in the District of Minnesota.

Therefore, **IT IS HEREBY ORDERED** that Case No. 26-cv-1985 be assigned to Judge Daniel M. Traynor and Magistrate Elsa M. Bullard, *nunc pro tunc*, and the Clerk of Court is directed to void and reuse the cards on the same list pursuant to this District's Order for Assignment of Cases dated July 19, 2021.

**IT IS FINALLY ORDERED** that a copy of this Order shall be placed in each of the above files.

---

[1] After carefully reviewing Petitioner's Motion for Relief from this Court's Order of Transfer, the Court concludes that relief is not warranted under Rule 60(b) of the Federal Rules of Civil Procedure and denies the Motion. (Dkt. 13.) Although Petitioner highlights differences between the arguments he raises in his second Petition and those he raised in the previous Petition, that does not end the question of whether the cases are related. The detention at issue is the same, the parties are the same, and the government's proffered statutory basis for the ongoing detention is the same. Indeed, the petitions were filed less than two months apart. The fact that Petitioner is raising arguments now that he did not raise before does not outweigh the similarities. The decision of whether to transfer related cases between judges is a highly discretionary one. *Caddy Prods., Inc. v. Greystone Intern., Inc.*, No. 05-301 (JRT/FLN), 2005 WL 3216689, at *2 (D. Minn. Nov. 29, 2005) ("Ultimately, the decision whether to transfer a case is committed to the discretion of the district court."). In this case, the Court exercised its discretion to have the case reassigned to the judge who just weeks ago handled the first Petition arising from Brayam G.'s detention. That judge is in the best position to assess Respondents' contention that Petitioner is raising arguments that should or could have been raised in his first Petition.

Dated: April 10, 2026

Daniel M. Traynor
United States District Judge


Dated: April 10, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge