**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Brayam Garcia Guzman, | |
| Petitioner, | |
| vs. | Case No. 0:26-cv-01985-DMT-EMB |
| David Easterwood, et al., | |
| Respondents. | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND FINDING AS
MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

[¶ 1]    THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed on March 23, 2026. Doc. No. 1. The Respondents filed a Response on March 24, 2026. Doc. No. 7. Petitioner filed a Reply on March 25, 2026. Doc. No. 9. Petitioner filed a Motion for Temporary Restraining Order on April 10, 2026. Doc. No. 18.

[¶ 2]    Petitioner is a twenty-two-year-old citizen of Mexico. He entered the United States in March 2022 without inspection. He was arrested by ICE agents on January 7, 2026, and placed into removal proceedings. That same day, CBP served Petitioner with a Notice to Appear charging him under I.N.A. § 212(a)(6)(A)(i) and § 212(a)(7)(A)(i)(I) as an alien present in the United States without being admitted or paroled and not in possession of a valid entry document.

[¶ 3]    On January 31, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus asserting his arrest and detention violated (1) his Fifth Amendment Due Process Rights, (2) 8 U.S.C. § 1225(b)(2), and (3) 5 U.S.C. § 706. See Brayam G. G. v. Bondi et al., Case No. No. 26-cv-00921 (DMT/DJF), Doc. No. 1 (D. Minn. Jan. 31, 2026). This Court denied his first Petition on February

3, 2026. Id. at Doc. No. 7 (D. Minn. Feb. 3, 2026). In the current Petition, Petitioner raises related claims. Doc. No. 1, pp. 20–23. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED without prejudice**.

**DISCUSSION**

[¶ 4]   As an initial matter, the Court has already ruled Section 1225(b)(2) applies to Petitioner, meaning he is subject to mandatory detention and not entitled to a bond hearing. Brayam G. G. v. Bondi et al., Case No. No. 26-cv-00921 (DMT/DJF), Doc. No. 7 (D. Minn. Feb. 3, 2026). The Eighth Circuit recently held illegal aliens such as Petitioner are subject to mandatory detention under Section 1225(b)(2). Avila v. Bondi, ---F.4th----, 2026 WL 819258 (8th Cir. March 25, 2026). Despite this, Petitioner claims the Court's prior Order did not address several issues now raised in this second Petition.

### I.    Petitioner's Warrantless Arrest was Lawful

[¶ 5]   Petitioner argues that his arrest was warrantless and therefore, he should be released immediately. The Eighth Circuit has held Section 1225 applies, not Section 1226. Id. Section 1225, unlike Section 1226, makes no mention of a warrant, only an inspection by an immigration official. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest an alien without a warrant if the officer has "reason to believe" the alien is in the United States illegally and is likely to escape before a warrant can be obtained. However, under Section 1225(b)(2)(A), if an immigration official following inspection determines the alien is not clearly entitled to stay in the country, arrest and detention is mandatory. The key difference between these statutes is the knowledge of the official. "Reason to believe" is a different standard than knowledge. "[R]easonable suspicion means only that immigration officers may briefly stop the individual and inquire about immigration status. . . . Only if the person is illegally in the United States may the stop lead to

further immigration proceedings." Noem v. Vasquez Perdomo, 146 S. Ct. at *3 (Kavanaugh, J., concurring). The Supreme Court acknowledged in 1984 that deportation proceedings are not meant to punish past action but prevent continuing illegal action. To allow someone subject to mandatory detention to go free would "require the courts to close their eyes to ongoing violations of the law." INS v. Lopez-Mendoza, 468 U.S. 1032, 1046 (1984).  An immigration official who has knowledge an applicant for admission has no clear right to be in the United States is required to hold that person in detention until the removal proceedings are completed. Under Section 1357(a)(2), a flight risk is required because the immigration official only has a reason to believe the person is here illegally, whereas with knowledge the assessment of flight risk is not needed because Section 1225 requires detention.

[¶ 6]    In this case, the Notice to Appear makes it clear that, following inspection, immigration officials knew Petitioner was an illegal alien not entitled to be admitted in accordance with Section 1225(b)(2)(A). Doc. No. 9-1. Consequently, ICE arrested and detained Petitioner to initiate removal proceedings. Therefore, Petitioner did not suffer an unlawful arrest under the Fourth Amendment, 8 U.S.C. § 1357(a)(2) or 8 C.F.R. 287.3(d).

## II.    Petitioner's Detention Does Not Violate His Due Process Rights

[¶ 7]    Petitioner also claims his detention violates his due process rights under the Fifth Amendment. Doc. No. 1. The dissent in Avila notes that "[a]fter the Fifth Circuit's decision in Buenrostro-Mendez [v. Bondi, 166 F.4th 494 (5th Cir. 2026)], multiple district courts in the Fifth Circuit have granted similar habeas petitions on due process grounds." ---F.4th----, 2026 WL 819258 at *8 n.8 (Erickson, J., dissenting). This Court disagrees with that approach.

[¶ 8]    As noted, Section 1225(b)(2)(A) squarely governs his immediate detention. Therefore, Petitioner is not being detained absent due process because being detained pursuant to a

constitutionally legitimate statute promulgated by Congress is not a due process violation. The Supreme Court addressed a similar situation in Demore v. Kim, 538 U.S. 510 (2003), and concluded that mandatory detention pending removal proceedings does not violate an alien's due process rights. The Demore detainee argued that since deportation proceedings are indefinite, his indefinite detention violates the Due Process Clause. Id. However, the Court rejected that premise, holding "detention under Section 1226(c) has a definitive end-point—the end of the removal proceedings—and thus a noncitizen is not subject to indefinite detention." Id. at 529. While Demore analyzed detention under Section 1226(c), the detention provisions in Section 1226(c) are analogous to the provisions in Section 1225(b). See Rodriguez v. Jeffreys, Case No. 8:25-cv-714, 2025 WL 3754411, at *16 (D. Neb. Dec. 29, 2025). Thus, Petitioner's due process claim "must fail [and] [d]etention during removal proceedings is a constitutionally permissible part of the process." Demore, 538 U.S. at 531. As the Eighth Circuit held, since the Supreme Court "opted for a bright-line rule" that the "government can detain an alien for as long as deportation proceedings are still 'pending,'" there is no need to perform a Mathews-type due process balancing inquiry in this case as suggested by Petitioner. Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024).

### III.   Petitioner's Regulatory and APA Arguments Fail

[¶ 9]   Petitioner further claims his arrest and detention violates the regulatory provisions of 8 C.F.R. § 236.1 and § 1003.19 and violates the APA. Petitioner argues pursuant to Sections 236.1 and 1003.19, he should have been given an opportunity to challenge his detention and seek a bond determination from an immigration judge. However, as noted in the Court's prior Order, under Section 1225(b)(2), detention is mandatory and Petitioner is not eligible for a bond hearing. Brayam G. G. v. Bondi et al., Case No. No. 26-cv-00921 (DMT/DJF), Doc. No. 7 at * 5 (D. Minn.

Feb. 3, 2026). Accordingly, the government did not violate Sections 236.1 and 1003.19 in failing to offer Petitioner custodial review and bond determinations that he is not actually entitled to under federal law. Likewise, since the government's actions in arresting and detaining Petitioner were lawful, there is no unlawful agency action for this court to review. See 5 U.S.C. § 706(2)(D) (a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law.").

## **CONCLUSION**

[¶ 10]  For the reasons set forth above, the Petitioner's Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**. Since the Court has ruled on the merits of the Petition, Petitioner's Motion for Temporary Restraining Order is **MOOT**.

[¶ 11]  **IT IS SO ORDERED**.

DATED April 15, 2026.

Daniel M. Traynor, District Judge
United States District Court